Irma VACI, Libellant,

v.

**SWEDISH AMERICAN LINE,**
Respondent.

No. 201 of 1961.

United States District Court
E. D. Pennsylvania.

Dec. 15, 1961.

Albert J. Makler, Philadelphia, Pa., for libellant.

Eugene R. Lippman (of Krusen, Evans & Byrne), Philadelphia, Pa., for respondent.

WELSH, Senior District Judge.

Libellant, Irma Vaci, brought this suit for alleged injuries received November 29, 1959, while a passenger aboard the M/S Stockholm. She claims wages and maintenance and cure, in addition to normal consequential damages. She alleges that the respondent is Swedish American Line,[1] a corporation having its principal place of business in New York City, New York, at 636 Fifth Avenue, Rockefeller Center. It is further alleged that said respondent owned, operated, possessed and controlled the M/S Stockholm at all times pertinent to the suit. Suit was filed on May 16, 1961.

Respondent has filed exceptions and exceptive allegations to the libel.

The first exception filed is directed against the claim for wages and maintenance and cure. As a passenger, libellant cannot recover for such items. Maintenance and cure is available only to seamen in the primitive sense: the members of the crew (including the officers and master). The Law of Admiralty, Gilmore and Black (1957) page 255. Likewise, wages (commonly called "unearned wages") are an item of recovery for a member of a crew or officer-employee and are related to the voyage on which he sails. Maritime Injury and Death, Edelman (1960) page 18.

We hold, therefore, that this exception is well taken; and, indeed, counsel for libellant now is in accord.

The second issue before this Court is in the nature of an exceptive allegation. An exceptive allegation is a pleading primarily designed to bring to the attention of the Court some fact or circumstance not appearing on the face of the libel but constituting in itself a complete bar to recovery. Benedict on Admiralty, 6th Edition, Volume 2, page 469. In this regard, respondent has filed an affidavit supplementing its verified exceptive allegation in which it denies that respondent owned, operated, possessed or controlled the M/S Stockholm, and asserts that respondent is and acts solely as General Agent for the owner of said vessel, Aktiebolaget Svenska Amerika Linien, a corporation organized and existing under the laws of the Kingdom of Sweden with its principal place of business in Gothenburg, Sweden. Libellant does not deny that Aktiebolaget Svenska Amerika Linien is the owner, etc., of the M/S Stockholm and that Swedish American Line acts solely as its General Agent. Accordingly, respondent argues that the suit be dismissed unless libellant amends her libel to exclude the allegation that Swedish American Line is the respondent in this suit. In the event there is any hesitancy on the part of the Court to dismiss on the basis of the exceptive allegation filed, respondent points out that since the filing of said allegation the Supreme Court of the United States has adopted Rule 58 as an amendment to the Rules of Practice in Admiralty and Maritime Cases, effective July 19, 1961, 28 U.S.C.A., and applicable to pending cases, and respondent points out further that the Court may treat this exceptive allegation as a motion for summary judgment under paragraph (b) of said Rule.

It is unnecessary for this Court to pass on the merits of respondent's

1. Respondent points out that its correct name is Swedish American Line Agency, Inc.

argument, namely, that the libel be dismissed or summary judgment be granted in favor of the respondent on the ground that respondent is not the owner, etc. of the M/S Stockholm. For, in the final analysis, it appears that this suit is barred by the limitation in paragraph 11 of the passage contract prescribing the time within which suit must be filed by the libellant herein for any injuries allegedly received while a passenger aboard the M/S Stockholm.[2]

Paragraph 11 of the instant contract of passage provides in part:

" * * * Suits and actions to recover for loss of life or bodily injury to passengers shall not be maintainable unless instituted within one (1) year from the day when the death or injury occurred; * * "

As has been seen, libellant's alleged injuries were sustained on November 29, 1959 and this suit was instituted on May 16, 1961. The period between injury and institution of suit is clearly in excess of one year and the suit is, therefore, time barred and will be dismissed.

Libellant's right to seek recovery for injuries sustained aboard the M/S Stockholm arises solely from her status as a passenger. This status is established by the contract of passage. When libellant accepted the contract of passage she became bound by same and necessarily she became bound by the limitation, which is contained therein and which is a part thereof, prescribing the time within which to institute suit— that is, she became bound if, as is demonstrated below, said contract and paragraph 11 thereof were lawful in content.

Admiralty law determines the lawfulness and contractual nature of paragraph 11 of the contract of passage in question. Such law is that which Congress has enacted and the Federal Courts sitting in admiralty or in the exercise of their maritime jurisdiction have declared and would apply.

The specific Congressional enactment governing the issue here presented is set forth in 46 U.S.C.A. § 183b which provides in part as follows:

"(a) It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for the institution of suits to be computed from the day when the death or injury occurred."

Said § 183b is a promulgation of public policy upheld by the Courts. A limitation clause similar to that now before this Court was so considered in Mulvihill v. Furness, Withy & Co., D.C., 136 F. Supp. 201. In Scheibel v. Agwilines, Inc., 2 Cir., 156 F.2d 636, 638, the Court stated:

" * * *, section 183b is not, as the appellant argues, an isolated enactment whose negative language should be narrowly construed, but is a declaration of Congressional policy as to lawful contractual time limitations and one which in the interest of uniformity should be construed to exclude state statutes of limitation."

Likewise, in Barrette v. Home Lines Inc., D.C., 168 F.Supp. 141, it was stated that the cases have uniformly held that similar provisions in steamship tickets limiting time in which to commence suit are valid.

Finally, the contract of passage (which includes the provision limiting the time within which suit must be instituted) is valid even though libellant neither signed nor read it. Toohill v.

---

2. Respondent points out that an exceptive allegation of such a nature again can be treated as a motion for summary judgment under the new Admiralty Rules.

Cunard Steamship Co., D.C., 130 F. Supp. 128.

Libellant's sole attack on the validity of the contract of passage in question is on the ground that she never accepted it. She states that she never accepted it because she does not recall or remember seeing or receiving it.

It is our opinion that the attack is unwarranted because the fact of her acceptance of the contract of passage is clearly established. Significantly, libellant does not state that she did not see or receive the contract of passage; she states merely that she does not recall or remember. We deem this statement insufficient to constitute a substantial denial of acceptance of the contract of passage. In addition, the fact of libellant's acceptance of the contract of passage is buttressed by the disclosure in the record that libellant failed to make answer to the following request for admission:

"Please take notice that the respondent, Swedish American Line, hereby requires libellant, Irma Vaci, pursuant to Rule 32B of the Rules of Practice in Admiralty and Maritime Cases, to admit within ten (10) days after service of this request the genuineness of the document, photostat of which is annexed hereto. This document is a photostat of the Cruise Passage Contract issued the libellant and surrendered by libellant to the Purser after boarding the vessel.

"The original document, of which the annexed is a photostat, is available at the offices of counsel for respondent, Krusen, Evans and Byrne, 21 South 12th Street, Philadelphia, Pa."

Next, libellant argues, the validity of the contract of passage notwithstanding, that the limitation provision therein is inapplicable since respondent had ample and sufficient notice of the claim and is, therefore, not prejudiced by libellant's failure to institute suit within the time prescribed.

This would be a meritorious argument if the Court had the discretion to allow the commencement of a suit after the expiration of a specified time within which litigation must be instituted. The plain fact, however, is that the Court is without such discretion and is bound by the law of this case even though it is sitting in admiralty.

For reasons appearing herein, the within libel will be dismissed and judgment will be entered in favor of the respondent.