Manuel FEINGOLD, Ellen Feingold,
Michele Feingold and Jennifer
Feingold, Plaintiffs,

v.

CUNARD LINE LIMITED, Defendant.

Civ. No. 89–219(GEB).

United States District Court,
D. New Jersey.

May 3, 1991.

Lake and Schwartz, Trenton, N.J. by Robert M. Schwartz, for plaintiffs.

Kirlin, Campbell & Keating, Caldwell, N.J. by Rosemary B. Richter, for defendant.

## MEMORANDUM AND ORDER

GARRETT E. BROWN, Jr., District Judge.

This breach of contract action is presently before the Court upon defendant Cunard Line Limited's motion for summary judgment. This Memorandum and Order issued pursuant to Fed.R.Civ.P. 78 resolves this motion. Because we hold that the complaint in this case is barred by the applicable time limitation for such a suit, we will grant defendant's motion for summary judgment.

### BACKGROUND

The Complaint in this action was filed on January 11, 1989, by Manuel, Ellen, Michele and Jennifer Feingold against Cunard Line Limited. Jurisdiction of this Court was invoked pursuant to 28 U.S.C. § 1332. The Complaint alleges that on or about December 19, 1987, plaintiffs embarked on the Queen Elizabeth II ocean liner for a Caribbean cruise, pursuant to a contract with defendant. It is further alleged that defendant breached its agreement with plaintiffs by providing inferior services and failing to provide other services.[1] Plain-

---

1. Plaintiffs alleged that defendant: failed to provide porters to transport plaintiffs' baggage; provided dirty, rusty water for bathing; provided dirty, cloudy water for swimming; failed to provide necessary security at all ports; failed to provide Manuel Feingold with important phone

tiffs also alleged that defendant fraudulently concealed the results of a Department of Health and Human Services sanitation inspection from them. Plaintiffs have requested $34,000 on each of the two causes of action.

DISCUSSION

■ The first question we must address is which law to apply. Despite the plaintiffs having originally filed this action under diversity jurisdiction, 28 U.S.C. § 1332(a), we are not constrained by *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply state law. *Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 858 F.2d 905, 909 (3d Cir. 1988), *cert. dismissed sub nom.*, 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989). A passenger ticket for an ocean voyage constitutes a maritime contract. *Id.* at 909 (citing *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 427, 18 L.Ed. 397 (1866)). "Accordingly, whether ticket conditions form part of the passenger's contract and the effect such conditions should be afforded are matters governed by the general maritime, not the local state, law." *Id.*

The question presented to the Court for summary judgment, therefore, is whether plaintiffs are time-barred, as a matter of law, from asserting their breach of contract claims after the time limit outlined in the passenger contract ticket has expired. The standards for summary judgment are well known. Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In a summary judgment motion, the nonmoving party receives the benefit of all reasonable doubts and any inferences drawn from the underlying facts. *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Fed.R.Civ.P. 56(e) also requires that when a non-moving party bears the burden of proof at trial as to a dispositive issue, that party is required to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. For an issue of fact to be genuine, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355–56. Issues of material fact are genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Defendant's motion for summary judgment relies upon a six-month time limitation for filing suit which is set forth in a provision of the "Passenger Ticket & Passage Contract" alleged to have been issued to plaintiffs. This provision, Article 21 reads as follows:

> Art. 21—TIME LIMIT ON SUITS Suit to recover on any claim against the Company shall be instituted: ... (2) as to all other claims, including breach of contract, within 6 months from the passenger's arrival at destination, or in the case of non-arrival, from the day on which the passenger and/or the baggage should have arrived.

■ Because there is no doubt that plaintiffs' action was filed more than six months after the plaintiffs' arrival at their destination,[2] the issue presently before the Court—whether plaintiffs' action is time barred—turns on whether the plaintiffs should be legally chargeable with notice of the time limitation clause. This determination necessarily turns on whether plaintiffs

---

calls and telexes sent to him during the cruise; provided plaintiffs with spoiled and cold food; provided inadequate and inefficient ventilation/air-conditioning; provided either inadequate or broken equipment in exercise room; failed to provide room accommodations contracted for; and, failed to provide entertainment in accordance with representations made.

2. Plaintiffs were on the cruise from December 19, 1987 to January 3, 1988. Under Article 21, a claim for contract damages would have had to been filed by July 3, 1988, six months after the date of arrival at destination. Plaintiffs suit was not commenced, however, until January 11, 1989.

were aware of the ticket's time limitation provision or whether they had an opportunity to acquire such awareness. Actual awareness of the time limit provision is unnecessary. A passenger will be charged with notice of the ticket provisions solely through possession of the tickets. *See Shannon v. Norwegian Caribbean Lines,* 640 F.Supp. 373, 374 & n. 1 (M.D.Pa.1985) (where plaintiffs admit that they had their travel documents and tickets from a few days before their voyage until some time after they boarded ship, "no issue of material fact exists as to the question whether plaintiffs had an opportunity to read the provisions of the contract of passage but nonetheless simply failed to do so"); *see also Hodes,* 858 F.2d at 912 (holding that passenger charged with notice of ticket provisions by their own and their agent's possession); *Marek v. Marpan Two, Inc.,* 817 F.2d 242, 247 (3d Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987).

Plaintiffs have not argued that the contractual limitation on the time for filing suit contained in the Passenger Ticket & Passage Contract was not reasonably communicative, nor have they challenged the six-month time limit as unenforceable.[3] All that plaintiff Manuel Feingold has claimed is that he did not recall having received the passenger contract, nor does he recall having given a ticket to the embarkation officer when he and his family boarded the vessel. Defendant, on the other hand, has extensively documented, through the submission of physical and testimonial evidence, the existence of two sets of tickets that it claims had been issued to and received from plaintiffs.

A total of ten out of a possible twelve coupons were collected from the two ticket passage contracts alleged to have been issued to the plaintiffs. *See* Exhibits 8, 9, 10, 11 and 12.[4] These coupons were all retrieved from the Cunard system long after the voyage had ended. Brendan Vierra, Cunard's Vice–President for Order Processing, also produced and explained the booking records of Mr. and Mrs. Feingold (for their ticket # 192538/01/01) and the Misses Feingold (for their ticket # 192530/01/01). Vierra Dep. at 14–22 & Exh. 6. He explained that the passenger tickets were issued on or about December 9, 1987; that they were set up for office pick up on the 10th of December 1987, with a notice to collect final payment; and that final payment was received on December 14, 1987. *Id.* at 21.

Defendant has also presented testimony explaining the custom and practice of the cruise line with respect to ticketing, maintaining passenger files, and following established embarkation procedures for boarding passengers on the ship. The deposition testimony of Eileen Lennon, Embarkation Supervisor for Cunard in New York,

---

**3.** We must note that it would be difficult for plaintiffs to raise this issue because the time limitation and format of Cunard's passage contract has been previously upheld in *Angello v. The Motor Ship Queen Elizabeth II,* 1987 A.M.C. 1150, 1152–54, 1986 WL 15539 (D.N.J.1986).

**4.** The passenger ship ticket is comprised of four part color coded NCR paper coupons labeled Issuing Office (pink), Sailing Coupon (yellow), Embarkation Coupon (grey) and Passenger Coupon (grey). Deposition Transcript of Brendan Vierra, Exhibit B (Vierra Dep.) at 30–32. Mr. Vierra testified that the coupons are all printed together by the computer. The issuing office coupon is removed and retained by the Cunard New York Office to indicate that the tickets have been generated and sent out. *Id.* at 37. Mr. Vierra identified the two Issuing Office coupons with the names Mr. and Mrs. Feingold and the Misses Feingold which were retrieved from the Cunard New York Office. *Id.* He also iden-

tified the two Sailing Coupons of the plaintiffs which were removed at the time of embarkation of the passengers, then sent on the ship to Southampton England. *Id.* at 34 and Exhs. 8 & 13. He was shown the two Embarkation coupons for the plaintiffs and identified them as such. *Id.* at 36 & Exh. 9. He also identified the Special Handling Vouchers (Exh. 10) and the Luxury Reward Vouchers (Exh. 11) of the plaintiffs, which were generated at the same time as the passenger tickets and were included loose with the passenger ticket. *Id.* at 20–21. The final coupon, the passenger coupon, cannot be produced by the defendant because it is not removed from the Passenger Ticket & Passage Contract folder, but rather left in the passengers' possession. *Id.*

We must note that all original documents have been submitted for the Court's review. Copies of these documents are on file with the Clerk of Court.

revealed that she was present for the cruise which is the subject of this suit. Deposition Testimony of Eileen Lennon, Exhibit C, at 8. Mrs. Lennon described the embarkation procedure which takes place on the pier and involves the passenger turning over their tickets and registration coupons to the staff for processing. *Id.* at 9–11. Mrs. Lennon indicated that her staff people mark their initials on the ticket and the number of passengers travelling on the ticket, as well as their nationality. Each of the two Sailing Coupons submitted to the Court had the initials "AL" written on them as well as "2x" and "USA". Exhs. 8 & 13. Mrs. Lennon identified the initials on the tickets as the initials of Angela Lilly. Lennon Dep. at 18.

Mrs. Lennon also testified that she is unaware of any circumstance, since 1978, in which a passenger has gotten on the vessel without a ticket. *Id.* at 17. She stated that if a passenger does show up to the pier without a ticket, a manual ticket is prepared at that time and given to the passenger. This ticket would follow the same procedures outlined above. *Id.*

Plaintiff argues that defendant merely maintains that a ticket was issued to plaintiffs and that passengers such as plaintiffs could not have gotten on board the vessel without a ticket. Plaintiff also states that he does not recall having received a ticket nor does he recall having given a ticket to the embarkation officer when he and his family boarded the vessel. Plaintiff argues, therefore, that it is "readily apparent" that there exists an issue of fact that would preclude the granting of summary judgment. We cannot agree.

A party opposing a motion for summary judgment is required to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. The Third Circuit has made it clear "that a party resisting the motion cannot expect to rely merely upon bare assertions, conclusory allegations, or suspicions." *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981). Yet that is exactly what plaintiffs are attempting to rely on in this case. Plaintiff has never denied receipt of the Passenger Ticket & Passage Contract, he only claims not being able to recall receiving or using the passenger tickets. Deposition Testimony of Manuel Feingold, Exhibit A, at 18–19, 74.

A similar situation was presented to the district court in *Vaci v. Swedish American Line*, 200 F.Supp. 207, 209–10 (E.D.Pa. 1961). In that case, the plaintiff's sole attack on the validity of the contract of passage was on the ground that she never accepted it because she does not recall or remember seeing or receiving it. The court said:

It is our opinion that the attack is unwarranted because the fact of her acceptance of the contract of passage is clearly established. Significantly, [passenger] does not state that she did not see or receive the contract of passage; she states merely that she does not recall or remember. We deem this statement insufficient to constitute a substantial denial of acceptance of the contract of passage.

*Id.* at 210.

The plaintiffs in this case have completely failed to produce any probative evidence showing that they embarked the Queen Elizabeth II *without* the use of passage contract tickets. Nor have they sought to explain how the cruise line came into possession of ten of twelve coupons that were removed during the booking and embarkation processes. We believe that plaintiffs were, for some time prior to their cruise, in possession of their Passenger Tickets and Passage Contracts and therefore, will be legally chargeable with notice of the time limitation clause and will be bound thereby. *See Marek*, 817 F.2d at 247. Because the Feingolds have failed to show that there is a genuine issue for trial wherein a reasonable jury could return a verdict in their favor we hold that plaintiffs cause of action is time-barred and will grant defendant's motion for summary judgment in its entirety.

For the foregoing reasons,

It is this 3rd day of May, 1991,

ORDERED that defendant Cunard Line Limited's motion for summary judgment be and is hereby GRANTED.