■ WILLIAM CRONIN, JR., et al., Appellants, v CUNARD LINE LIMITED, Respondent. [672 NYS2d 864] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 16, 1997, dismissing the complaint, and bringing up for review a prior order, entered March 25, 1997, which, in an action by plaintiff passengers against defendant cruise ship line for deceptive practices and false advertising in pricing its cruises, granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The motion court properly applied the six-month-from-disembarkation period of limitations for claims other than loss of life and bodily injury set forth in the tickets defendant issued to plaintiffs. "A passenger ticket for an ocean voyage constitutes a maritime contract" (*Feingold v Cunard Line*, 767 F Supp 84, 85 [D NJ], citing, *inter alia, The Moses Taylor*, 4 Wall [71 US] 411, 427 [1866]), and, as such, should not be subject to varying State limitations rules regardless of whether the al-

leged wrongs occurred on navigable water or whether the general character of the alleged wrongs has a substantial relationship to traditional maritime activity (*cf.*, *Lerner v Karageorgis Lines*, 66 NY2d 479, 484-485). Plaintiffs' claim that the six-month period should be equitably tolled is without merit, particularly given that they concede being apprised of the facts underlying their claim well within the six-month period. We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.