Kathleen EDWARDS, Plaintiff(s),

v.

PRINCESS CRUISE LINES, LTD., Defendant(s).

No. C 05–3076 BZ.

United States District Court, N.D. California.

Nov. 2, 2006.

Timothy S. Thimesch, Thimesch Law Offices, Walnut Creek, CA, Gene A. Farber, Law Offices of Gene A. Farber, San Francisco, CA, for Plaintiff.

Ronald Konrad Losch, Kaye, Rose & Partners, LLC, San Francisco, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

This case presents a question of first impression in the Ninth Circuit—whether the non-moving party on summary judgment is relieved of the burden of introducing evidence of the existence of triable issues of fact if it believes that such evidence has been produced in discovery and could have been placed into evidence by the moving party. For the reasons expressed below, I answer this question in the negative and, because plaintiff elected not to introduce any evidence in opposition to defendant's motion, I grant defendant summary judgment.[1]

Plaintiff Kathleen Edwards filed this Complaint against defendant, Princess Cruise Lines, Ltd., seeking injunctive relief to remedy "continuing" violations of the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq., and damages under various state laws. Defendant filed its Motion for Summary Judgment arguing, in part, that plaintiff's claims are barred by the six month limitations period included in her cruise ticket contract.

Defendant relied on facts which are undisputed. Plaintiff requires the assistance of a wheelchair. In July 2003, plaintiff and her husband took a cruise to Alaska aboard defendant's ship Pacific Princess. Plaintiff booked her cruise through a travel agent and received her cruise ticket and travel documents on June 19, 2003.[2] The cruise ended on July 30, 2003.[3] The contract appended to the ticket required passengers to file all cruise-related personal injury claims within one year of their trip, and all other claims within six months. Since plaintiff did not file this suit until July 28, 2005, defendant argued it is entitled to judgment because the suit was barred by the six month contractual limitations period.[4]

---

1. All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

2. Plaintiff's relevance objections to the Court's consideration of all facts supporting defendant's argument concerning the impact of the ticket's contractual terms are **OVERRULED.** In addition, plaintiff's relevance objections to the documents introduced through Aksana Moshaiv's declaration are **OVERRULED.** In reaching my decision, I have considered only facts borne out by declarations, deposition transcripts, documents, and other admissible evidence.

3. As to the factual bases for her claim, evidence submitted demonstrates that plaintiff received a wheelchair-accessible cabin, but did not receive a cabin with a balcony as she desired. Although plaintiff was able to disembark at various Alaskan ports throughout the cruise, the Pacific Princess was unable to dock at the port of Sitka. Defendant's agents refused to allow plaintiff to disembark. Defendant asserted that this decision was based on safety concerns.

4. Plaintiff has not disputed that a cruise ship passenger ticket is a maritime contract, governed by federal maritime law. *See Wallis v. Princess Cruises, Inc.,* 306 F.3d 827, 834 (9th Cir.2002); *Vavoules v. Kloster Cruise Ltd.,* 822 F.Supp. 979, 981 (E.D.N.Y.1993) (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). Federal law explicitly permits maritime passenger contracts to place a one year limitation period on the filing of claims involving death or personal injury. 46 U.S.C § 183b; *Dempsey v. Norwegian Cruise Line,* 972 F.2d 998, 1000 (9th Cir.1992). Courts have gone beyond section 183b to enforce the terms of maritime contracts against a broad array of claims. *See Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393, 411 (S.D.N.Y.2000)(breach of contract); *Ames v. Celebrity Cruises, Inc.,* 1998 WL 427694 (S.D.N.Y., July 29, 1998) (fraudulent inducement and wrongful billing claims); *Cronin v. Cunard Line,* 250 A.D.2d 486, 672 N.Y.S.2d 864, 864–65 (N.Y.App.Div.1998) (deceptive port charges); *Boyles v. Cunard Line,* 1994 WL 449251, 1994 U.S. Dist. LEXIS 21449 (S.D.N.Y. Jan. 11, 1994) (misrepresentation claim). In addition, both one year and six month time bars have been found reasonable. *See Dempsey,* 972 F.2d at 999–1000 (upholding a one year time bar); *Ames,* 1998 WL

Plaintiff's Opposition devoted little space to this issue. Plaintiff cited *Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133 (9th Cir.2002), for the proposition that the limitations period does not apply to her suit because she alleged "continuing violations."[5] Plaintiff, however, presented no admissible evidence that the violations deterred her from booking another cruise so as to create a factual basis to apply *Pickern* to her case. *See id.* at 1136–37. Under these circumstances, I issued a tentative ruling granting the defendant's motion on the grounds that the limitations period applied to plaintiff's claims and that plaintiff failed to produce evidence demonstrating that her Complaint was not time-barred. Plaintiff responded by requesting oral argument.

Defendant filed its Reply arguing for the first time that plaintiff lacked standing to bring her suit. Two days before the hearing, plaintiff filed an objection to defendant's Reply, arguing that the standing issue had been improperly and untimely raised. In support of her objection, plaintiff attached as exhibits to counsel's declaration, portions of her interrogatory answers and her deposition testimony, and her declaration. To varying degrees, this showing goes to plaintiff's thwarted desire to book another cruise aboard defendant's ships.

At the hearing, I sustained plaintiff's objection to defendant's standing argument and stated that I would not consider it as having been presented by defendant's summary judgment motion.[6] Because I sustained the objection, I struck the declaration and attached exhibits since the standing issue was not before me and the declaration had not been timely or properly filed. I reminded counsel for plaintiff that the exhibits were not before me; that he had failed to submit any evidence of his client's desire to book another cruise; and that he had not sought relief from his failure to allow him to present such evidence late. Plaintiff took no steps to place properly the exhibits before me. Instead, plaintiff argued that she had no need to do so, because 1) the "futile gesture" doctrine codified in § 308 of the ADA precluded the assertion of a limitations period as a bar to any ADA claim based on a continuing condition, and 2) relying on *Goka v. Bobbitt,* 862 F.2d 646 (7th Cir.1988), a case not cited in her Opposition, she was relieved of her burden because she had produced such evidence in discovery.[7]

■ Summary judgment is appropriate when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. There is no genuine issue of material fact where "the record taken as a whole could not lead a rational trier of fact to find for the [adverse party]." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When determining whether there is a genuine issue for trial, "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the [adverse party]." *Matsushi-*

427694 at *6 (citing numerous decisions upholding six month limits against claims other than personal injury).

5. In her Complaint, plaintiff alleged that defendant's policies and practices regularly preclude the disabled from disembarking at port stops, and that defendant's ships fail to offer an acceptable number and type of disabled-accessible cabins. Plaintiff also claimed that "she is aware" that defendant's ships "routinely fail to provide" reasonable access to restrooms, restaurants, bars, shops, and other facilities. Plaintiff asserted in her unsworn Complaint and in papers filed by counsel that these barriers have prevented her from scheduling another cruise.

6. I noted that the parties had stated at the initial case management conference that standing might be an issue and found it improper for defendant to raise the issue in its Reply so as to preclude plaintiff from making substantive arguments to the contrary. *See Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D.Cal.1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.") (citing *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir.1996)).

7. But for the arguments premised on *Pickern* and *Goka,* plaintiff did not contest the applicability or reasonableness of the ticket's time bar provision.

*ta,* 475 U.S. at 587, 106 S.Ct. 1348; *Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir.2000) (citations omitted). "When the moving party meets its burden, the 'adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.' " *Miller v. Glenn Miller Productions, Inc.,* 454 F.3d 975, 987–88 (9th Cir.2006) (quoting Fed.R.Civ.P. 56(e)). "Summary judgment will be entered against the non-moving party if that party does not present such specific facts. [Citation omitted.] Only admissible evidence may be considered in deciding a motion for summary judgment." *Id.* (citing *Beyene v. Coleman Sec. Serv., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988)).

Here, defendant, as the moving party, met its initial burden when it introduced evidence that plaintiff failed to abide by the ticket contract by filing this claim nearly two years after her cruise. The burden then shifted to plaintiff to set forth specific facts establishing that there remain issues to be tried. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Rather than meeting her burden, plaintiff impermissibly rested on the allegations of continuing violations in her Complaint.

Plaintiff's arguments that she was relieved of her burden to produce evidence are not persuasive. Plaintiff has cited no authority, and the court has found none, for the contention that no limitations period applies to an ADA violation alleged to be continuing or ongoing in nature.[8] *Pickern,* 293 F.3d at 1136–37, does not, as plaintiff contends, support this position. Were that the law, the Ninth Circuit would not have undertaken a lengthy analysis to determine whether the plaintiff's claims were barred by the one year statute of limitations which the parties in *Pickern* agreed applied. *See id.*[9]

Instead, *Pickern* reversed a summary judgment that the statute of limitations barred plaintiff Jerry Doran's ADA suit because Doran's declaration had established that he had visited defendant's store a few months before filing suit and was deterred from further visits by his knowledge of the store's barriers. *Id.* at 1137. Doran's declaration and other evidence established that the store was near his grandmother's house, that he visited his grandmother nearly every weekend, and that he desired and intended to visit the store again but he could not enter it. *Id.* at 1135. Thus, although Doran had first become aware of the barriers outside the limitations period, he had presented evidence of a continuing violation such that he did not need to engage in the futile gesture of at-

---

**8.** Nowhere has plaintiff explained how her contention would advance the policies underlying either the ADA or periods of limitation. On the one hand, it would seem that while a plaintiff delays asserting her claims, potential violations would continue unabated to the detriment of other disabled people and the public at large. On the other hand, the concerns which underlie periods of limitations, such as the need to bring closure and the evidentiary problems created by the passage of time, would increase as plaintiff delays.

**9.** Indeed, it is the claimant's burden to demonstrate that the continuing violation doctrine applies. This includes, for example, a showing that some actionable conduct took place within the limitations period. *See Havens Realty Corp.*

*v. Coleman,* 455 U.S. 363, 380–81, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) ("[W]here a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the [180 day] limitations period, the complaint is timely when it is filed within 180 days of the last asserted occurrence of that practice.") (footnote omitted); *see also Deck v. City of Toledo,* 56 F.Supp.2d 886, 892–94 (N.D.Ohio 1999) (ADA claim) (demonstrating the maintenance of a discriminatory system before and during the limitations period). Edwards has not produced evidence of conduct violating the ADA which occurred within the six months preceding the filing her complaint.

tempting to gain access again. Plaintiff made no such showing here.

Nor does plaintiff's invocation of the futile gesture doctrine, standing alone, relieve her of the evidentiary burden. Originating in employment discrimination cases, *see Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), Congress incorporated the futile gesture doctrine into the ADA. *See* 42 U.S.C. § 12188(a)(1) ("Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions."). As stated in *Teamsters,* however, a futile gesture claimant is charged with "the not always easy burden of proving" that the discriminatory practice deterred her from attempting to secure the desired outcome. *Id.* at 368, 97 S.Ct. 1843; *see also Pickern,* 293 F.3d at 1137 (applying the futile gesture doctrine where plaintiff produced admissible evidence that, shortly before filing suit, he would have entered the store but for the presence of known barriers). Plaintiff's failure to produce admissible evidence supporting application of the futile gesture doctrine is fatal to her claims.

Citing *Goka v. Bobbitt,* 862 F.2d 646 (7th Cir.1988), plaintiff posits a second argument: she was excused from introducing into the record evidence of deterrence by defendant's knowledge of such evidence produced in discovery. Plaintiff's reliance on *Goka* is misplaced.

*Goka* reversed a summary judgment against a *pro se* plaintiff granted to defendants who had filed their motion knowing that their depositions, which they did not produce, were "materially inconsistent" with the deposition of plaintiff, which they did produce. *Id.* at 648, 650–51. Goka, a former prisoner, had sued prison guards and officials

after being assaulted by another inmate, and was *pro se* at the time defendants moved for summary judgment. "Serious questions" existed as to whether defendants' deposition transcripts were even available to plaintiff, as the depositions had been taken by Goka's then-counsel pursuant to a protective order which prohibited their disclosure to Goka. *Id.* at 651 n. 3. To allow defendants to obtain summary judgment under such circumstances not only defeated the purposes of summary judgment—disposing of cases which lacked material disputes of fact—it also violated Rule 11. *Id.* at 650.

*Goka* does not help plaintiff for a variety of reasons. First, I do not read *Goka* as changing the summary judgment burdens announced in *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. *See Goka,* 862 F.2d at 649 n. 1 (listing those burdens). Rather, *Goka* appears to rest more on the Rule 11 obligations of defense counsel in seeking summary judgment against a *pro se* plaintiff.

Second, *Goka* is factually distinguishable. Here, plaintiff is represented by counsel well-schooled in ADA litigation who had the ability to introduce evidence. Unlike *Goka,* in which the missing deposition testimony was directly inconsistent with that relied on by the movants, the discovery excerpts that plaintiff cited in her objections do not establish such a strong factual predicate for the futile gesture doctrine that defendant had a Rule 11 obligation to produce them.

Finally, whatever the scope of *Goka,*[10] it is not the law of this circuit. I am unaware of any court within the Ninth Circuit that has relied on *Goka* or cited it.

On the admissible evidence before me, there is no issue of material fact as to the applicability of the ticket's time limitation language. Plaintiff's claims are therefore timebarred.[11]

---

10. In its 20 year history, *Goka* has been cited sparingly by the Seventh Circuit, applied mostly in cases concerning prison guard liability for punishment violative of the 8th Amendment. The few cases on point indicate that *Goka* did not alter the *Celotex* burden shifting mechanism. *See Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989) (noting that a party has a duty to respond once a summary judgment movant

meets their burden); *Petru v. City of Berwyn,* 872 F.2d 1359, 1363–64 (7th Cir.1989) (same).

11. I am mindful that I have a duty under Rule 56 to consider the entirety of the record before me and that had plaintiff chosen to, she may have been able to establish disputed issues of fact and defeat summary judgment. *See, e.g., Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348 (summary judgment is appropriate "[w]here the

For all these reasons, defendant's Motion for Summary Judgment is hereby **GRANTED.**[12]

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party"); *but see Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir.1996) (not the Court's task "to scour the record in search of a genuine issue of triable fact."). Even after issuing a tentative ruling and cautioning plaintiff about the consequences of failing to produce admissible evidence supporting her contentions, however, I am left with a record devoid of evidence sufficient to deny defendant's motion.

12. Plaintiff and defendant lodged numerous additional objections to evidence. In particular, plaintiff objected to reliance on the declaration of Jan Tuck, and defendant objected to reliance on the declaration of Karl Danz. Because I have not relied on either declaration or on any of the evidence objected to and not ruled on in footnote two, *supra*, the remaining objections are **OVERRULED** as moot.