Kortney DEMPSEY, Plaintiff–Appellant,

v.

NORWEGIAN CRUISE LINE, a foreign corporation, a division of Kloster Cruise Limited, Defendant–Appellee.

No. 91–35212.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1992 *.

Memorandum May 8, 1992.

Order and Opinion Aug. 13, 1992.

Steven C. Yates, Velure & Yates, Eugene, Or., for plaintiff-appellant.

Kim Jefferies, Wood, Tatum, Wonacott & Landis, Portland, Or., for defendant-appellee.

Before: WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,** District Judge.

### ORDER

The memorandum disposition filed May 8, 1992, is redesignated as a per curiam opinion.

### OPINION

PER CURIAM:

Dempsey appeals from the district court's summary judgment in favor of Norwegian Cruise Line (Norwegian). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's summary judgment de novo. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339 (9th Cir.1989). We must determine "whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

** Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

the relevant substantive law." *Id.* at 1339–40.

Dempsey argues that the district court erred by holding that her claim was barred by the one year limitations period found in Norwegian's printed form ticket. In general, suits for personal injuries that arise out of maritime torts are subject to a three year statute of limitations. *See* 46 U.S.C. app. § 763a. However, Congress has also indicated that contracts may legally shorten the limitations period to one year. *See id.* § 183b(a).

The ticket in this case provided that suits for personal injuries must be brought within one year of injury. The issue before us is whether this limitation was reasonably communicated to Dempsey. *See Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir.1987) (*Deiro*). "The 'reasonableness' of notice under this test is a question of law to be determined by the court." *Id.*

The physical characteristics of the ticket in this case clearly informed Dempsey that her rights were being limited. *See id.* The ticket contained the notation "Important Notice" in a bright red box at the bottom right-hand corner of each of the first four pages. The message contained in the box clearly informed the passenger that he or she should read certain pages of the ticket that "affect important legal rights." The terms and conditions begin on page 6 of the ticket, and at the top of this page it is stated in bold letters: "Passengers are advised to read the terms and conditions of the Passenger Ticket Contract set forth below. Acceptance of this Passenger Ticket Contract by Passenger shall constitute the agreement of Passenger to these Terms and Conditions." The clause at issue is found at page 8, paragraph 13 of the ticket. This clause clearly provides that suits must be brought within one year of injury.

Norwegian went to great lengths to inform passengers of the various terms and conditions that could affect their rights. Dempsey has pointed to no factors extrinsic to the ticket that warrant finding that Norwegian did not reasonably communicate this information to Dempsey. *Deiro*, 816 F.2d at 1364.

Dempsey also argues that we should follow *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir.1990), *rev'd*, —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), and hold that the limitations provision is unenforceable because passengers cannot bargain over this term in the contract. In *Shute*, we held that a forum selection clause in a printed form ticket was unenforceable because "there [was] no evidence that the provision was freely bargained for." *Id.* at 388. The Supreme Court, however, reversed our decision and held that the provision was enforceable. *Carnival Cruise Lines, Inc. v. Shute*, —— U.S. ——, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991) (*Carnival Cruise*). The Court rejected the proposition that the forum selection clause must be rejected merely because it was not the subject of bargaining. *Id.* at ——, 111 S.Ct. at 1527. Instead, the Court examined the provision to determine if it was unreasonable or fundamentally unfair. *Id.* at ——, 111 S.Ct. at 1527–28; *see also id.* at ——, 111 S.Ct. at 1531 (Stevens, J., dissenting) ("[t]he common law ... subjects terms in contracts of adhesion to scrutiny for reasonableness").

Dempsey presented no evidence that the limitations provision used by Norwegian is unreasonable or fundamentally unfair. There is no evidence that Norwegian acted in bad faith or engaged in fraud or overreaching. *Id.* at ——, 111 S.Ct. at 1528. The ticket also clearly put Dempsey on notice that the contract limited her rights. *Id.* The ticket repeatedly advises the passenger to read the relevant provisions, and the language of the limitation provision is unmistakably clear.

Congress has provided that vessels may contract for a one year limitations period. *See* 46 U.S.C. app. § 183b. The limitations provision enables Norwegian to anticipate claims quickly and prepare a defense. Passengers like Dempsey who purchase tickets containing this limitation "benefit in the form of reduced fares reflecting the savings that the cruise line enjoys." *Carnival*

*Cruise,* —— U.S. at ——, 111 S.Ct. at 1527. Moreover, when a passenger is involved in an accident, it is reasonable to expect the passenger to consult his or her ticket or an attorney to determine his or her rights. The passenger can fully protect his or her rights by filing suit within one year of the injury. The limitations provision used by Norwegian is reasonable and fair. Therefore, the district court did not err by enforcing the limitations provision.

AFFIRMED.