9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samantha C. PETREY, Plaintiff-Appellant,
v.
THE CUNARD LINE, LIMITED, Defendant-Appellee.
 No. 93-1640.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 21, 1993.
Decided: November 16, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 S. Jahue Moore, Kirkland, Wilson, Moore, Allen, Deneen & Taylor, P.A., West Columbia, South Carolina, for Appellant.
 David M. Collins, Buist, Moore, Smythe & McGee, P.A., Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Samantha C. Petrey appeals from the district court's order entering summary judgment for Cunard Line Limited ("Cunard"). Petrey contends the court erred in finding that her cause of action was time barred by the limitation clause in her passage contract. Having conducted the requisite de novo review, Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990), we find no error and affirm the district court's order.
 
 I.
 
 2
 In October 1989, Petrey purchased a ticket for a December 1, 1989, cruise to San Diego aboard the Queen Elizabeth II, a ship operated by Cunard. She received her cruise ticket and passage contract by mail four to six weeks prior to departure.
 
 
 3
 The dark blue cover page of the simultaneously-issued passage contract and ticket stated, in white capital letters, "PASSENGER TICKET & PASSAGE CONTRACT" and "IMPORTANT PLEASE READ FOLLOWING TERMS OF PASSAGE CONTRACT." The cover page also contained an incomplete sentence, continued on page three of the contract, rendering Cunard's obligation to provide transportation "subject to all the terms printed on the cover of this Passage Contract and on pages" three through ten. A similar statement was located in the upper left-hand corner of the ticket:"ISSUED SUBJECT TO TERMS AND CONDITIONS PRINTED ON THE COVER AND SUCCEEDING PAGES OF THE PASSAGE CONTRACT."
 
 
 4
 On or about December 3, while on the ship, Petrey purportedly slipped down two steps and broke her ankle.
 
 
 5
 Six weeks later, Petrey retained counsel to represent her against Cunard. Counsel, seeking settlement, notified Cunard of the accident. No settlement was reached.[1] On May 24, 1991, after disavowing liability for Petrey's injuries, Cunard invoked the passage contract's one-year limitation clause:
 
 
 6
 Art. 21 TIME LIMIT ON SUITS Suit to recover on any claim against the Company shall be instituted:
 
 
 7
 (1) as to claims mentioned in subdivision (a) of Article 20 above [i.e., claims for loss of life of or injury to a passenger], within 1 year from the day when the loss of life or injury occurred, in accordance with Section 4283A of the Revised Statutes of the United States....
 
 
 8
 This action was initiated seven months later in the Court of Common Pleas for Lexington County, South Carolina. After removal, the federal district court, construing Cunard's motion to dismiss as a motion for summary judgment, found Article 21 barred Petrey's untimely claim and entered summary judgment for Cunard.
 
 II.
 
 9
 Because this case involves a maritime contract, namely a passenger ticket for an ocean voyage, "the substantive law to be applied is the same as would be applied by an admiralty court-that is, the general maritime law." Hodes v. S.N.C. Achille Lauro ed Altri-Gestione, 858 F.2d 905, 909 (3d Cir. 1988); see also Thomas J. Schoenbaum, Admiralty and Maritime Law 123 (1987). Hence, Petrey's arguments under South Carolina contract law are inapposite. Meaige v. Hartley Marine Corp., 925 F.2d 700, 702 (4th Cir.) (admiralty law looks to state law "only when there is no admiralty rule on point and when doing so would not undermine uniformity."), cert. denied, 59 U.S.L.W. 3837 (U.S. 1991).
 
 
 10
 Cunard, as the operator of passenger-transporting ships, is prohibited from
 
 
 11
 provid[ing] by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.
 
 
 12
 46 U.S.C. § 183b (1988). One-year limitation clauses in passage contracts are implicitly authorized by § 183b, and have been repeatedly enforced.[2]
 
 
 13
 The instant case is analogous to a recent Ninth Circuit decision. Dempsey v. Norwegian Cruise Line, 972 F.2d 998 (9th Cir. 1992). In Dempsey, the Ninth Circuit applied the "fundamental fairness" test, used by the Supreme Court in enforcing a passage contract's forum selection clause, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 59 U.S.L.W. 4323, 4325 (U.S. 1991), to a one-year limitation clause virtually identical to Cunard's Article 21. Dempsey, 972 F.2d at 999.
 
 
 14
 As in Dempsey, Petrey's passage contract bore repeated, reasonable warnings of the binding effect of the terms of that contract, including the one-year limitation period. Id. Similarly applicable are the Dempsey Court's findings of no evidence of bad faith, fraud, or overreaching by the cruise line, and of the benefits of the limitation period in permitting the quick preparation of defenses by the cruise line and the ensuing reduced fares enjoyed by its passengers. Id. "[W]hen a passenger is involved in an accident, it is reasonable to expect the passenger to consult his or her ticket or an attorney to determine his or her rights. The passenger can fully protect his or her rights by filing suit within one year of the injury." Id. at 1000.
 
 
 15
 Petrey had four to six weeks prior to boarding the Queen Elizabeth II and one year after the incident in which to read the passage contract and apprise herself of the procedures required for preserving her rights thereunder. "[T]he passenger who omits to read takes the risk of the omission." Marek, 817 F.2d at 247 (quoting Murray v. Cunard S.S. Co., 235 N.Y. 162, 139 N.E. 226, 228 (1923) (Cardozo, J.)); see also Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 11 (1st Cir. 1991) (critical inquiry is passenger's opportunity for knowledge of contractual terms); Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 865 (1st Cir. 1983) (passenger may be expected to read contract in event of injury). Cunard's limitation clause was fundamentally fair, and Petrey's failure to preserve her rights under that reasonably communicated contractual provision does not render the clause inequitable or unenforceable.
 
 III.
 
 16
 For the reasons stated herein, we find the district court properly concluded that no genuine issue of material fact exists in this case and that Cunard is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Hence, we affirm the court's order granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In a February 1990 letter "writ[ten] without prejudice to the rights and defenses of Cunard Line Limited at law or pursuant to contract," Cunardacknowledged receipt of Petrey's letter and requested further details, including medical records, pertaining to her claim. Petrey's attorney sent two other letters to Cunard during 1990; no further correspondence was received from Cunard until 1991. We shall disregard Petrey's attempt to bolster her South Carolina contract law arguments with these letters due to Petrey's failure to present this evidence to the district court. Singleton v. Wulff, 428 U.S. 106, 120 (1976)
 
 
 [2]
 See, e.g., Nash v. Kloster Cruise A/S, 901 F.2d 1565, 1566-67 (11th Cir. 1990); Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 45 (2d Cir. 1990); Marek v. Marpan Two, Inc., 817 F.2d 242, 246-47 (3d Cir.), cert. denied, 484 U.S. 852 (1987); Carpenter v. Klosters Rederi A/S, 604 F.2d 11, 13 (5th Cir. 1979); 1 Martin J. Norris, The Law of Maritime Personal Injuries § 3:21, at 91 & n.48 (4th ed. 1990)