50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard TRENT; Ann Trent, Plaintiffs-Appellants,
v.
PRINCESS CRUISES, INC., Defendant-Appellee.
 No. 93-56454.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 The Trents appeal from the district court's summary judgment in favor of Princess Cruises and the district court's refusal to vacate the summary judgment pursuant to Federal Rule of Civil Procedure 60. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 We "have an independent duty to decide whether we have jurisdiction." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). The question is whether the October 7, 1993, notice of appeal was timely. The October 7 notice of appeal was within the 30-day time period for appealing from the entry of the district court's order denying the Trents' Rule 60 motion. It was not within 30 days of the summary judgment in favor of Princess Cruises. Although before, a Rule 60 motion would not toll the time for filing an appeal, under the 1993 amended version of Federal Rule of Appellate Procedure 4(a)(4)(F), Rule 60 motions now serve to toll the time for filing an appeal. Although that amendment to Rule 4 did not take effect until December 1, 1993, after the Trents filed their appeal, we have said that "the retroactive application of the amended provisions of Rule 4(a)(4) is appropriate" to pending cases. See Schroeder v. McDonald, 41 F.3d 1272, 1277 (9th Cir.1994). Therefore, the amended version of Rule 4 applies to the Trents' appeal. That appeal from the district court's summary judgment against them, and denying their motion to vacate the judgment, is therefore timely, because the appeal was filed within 30 days of the district court's order denying their Rule 60 motion. We thus have jurisdiction over this appeal, and will reach the merits.
 
 
 3
 The district court pointed out a local rule violation by the Trents' attorney: failure to file a timely response to the motion for summary judgment by Princess Cruises. There was no request for an extension of time. No appearance was made by the Trents' attorney on the scheduled hearing date. The district court apparently granted summary judgment against the Trents for these reasons.
 
 
 4
 Although local rules are laws of the United States, see Marshall v. Gates, No. 93-55022, slip op. 1073, 1078 (9th Cir. Jan. 4, 1995) (amended Jan. 27), "we have held that a motion for summary judgment cannot be granted simply because the opposing party violated a local rule." Id. at 1080 (citation omitted). "For violation of [a] local rule the district court will be free to devise such sanctions as seem appropriate short of granting summary judgment where the movant has failed to meet its burden of demonstrating the absence of triable issues." Id. at 1080-81. "Because summary judgment is only proper under Rule 56 if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, a local rule cannot mandate automatic entry of judgment for the moving party without consideration of whether the motion and supporting papers satisfy the requirements of Rule 56." United States v. Real Property Located at Incline Village, No. 93-16996, slip op. 1629, 1643 (9th Cir. Feb. 10, 1995).
 
 
 5
 However, because we conduct de novo review, we can affirm a summary judgment where the movant's papers sufficiently convince us that summary judgment is appropriate. Id. at 1645-46. In reviewing the district court's summary judgment, the Trents' opposition papers will not be considered, because they were untimely under the local rules. Id. at 1646.
 
 
 6
 Princess Cruises urge us to affirm on the ground that the cruise tickets contain an explicit provision that sets the statute of limitations for personal injury lawsuits at one-year. "[C]ontracts may legally shorten the limitations period to one year." Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 999 (9th Cir.1992) (Dempsey ). The tickets here provided for a one-year limitations period. The issue, then, is whether this limitation was reasonably communicated to the Trents. Id. The reasonableness of such notice is a question of law to be determined by the court. Id.
 
 
 7
 To determine the reasonableness of the ticket terms, we examine the physical characteristics of the ticket. In this case, those characteristics informed the passengers that their rights were being limited. At the top of the ticket's contract terms read the following: "IMPORTANT NOTICE TO PASSENGERS: PLEASE READ THE PASSAGE CONTRACT TERMS; PARTICULARLY SECTIONS 14, 15, 16, AND 17 WHICH LIMIT THE CARRIER'S LIABILITY AND YOUR RIGHTS TO SUE." Paragraph 16, entitled "TIME LIMITATION; NOTICE BY YOU OF CLAIMS AND SUITS; ONLY PLACE TO SUE" provides for a one year limitations period. These terms, printed in large type, explicitly referred to at the beginning of the carrier contract, satisfy us that the terms were reasonably communicated to ticket holders. Dempsey, 972 F.2d at 999.
 
 
 8
 Therefore, absent factors extrinsic to the ticket warranting a finding that Princess Cruises did not reasonably communicate this information to the Trents, summary judgment for Princess Cruises was appropriate. Because the Trents' attorney did not follow the local rules, any opposition papers that might have pointed out extrinsic factors cannot be considered. That being so, we have no choice but to affirm the summary judgment for Princess Cruises.
 
 
 9
 Regarding the subsequent Rule 60 motion, a district court has discretion to deny such a motion where a party's "culpable conduct" leads to the judgment. In re Hammer, 940 F.2d 525, 526 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 11
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4