83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel H. BENNION, Adriana J. Bennion, Plaintiffs-Appellants,
v.
CLIPPER CRUISE LINE, a Missouri corporation, Defendant-Appellee.
 No. 95-35089.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1996.
Decided April 30, 1996.
 
 Before: FLETCHER, NOONAN, AND RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 On December 29, 1992, while on an on-shore excursion that was part of a cruise she took on a ship owned by Clipper Cruise Line, Inc., Mrs. Adriana Bennion fell and broke her ankle. A couple of days later, while in the bathroom of her cabin on board the ship, Mrs. Bennion fell and broke her wrist. Mrs. Bennion claims that she has suffered severe pain from these injuries and has had to undergo surgery and rehabilitation.
 
 
 3
 In September 1993, Mr. and Mrs. Bennion retained an attorney to pursue a claim against Clipper. The attorney did not file suit against Clipper until April 29, 1994. Clipper filed a motion to dismiss this suit, alleging that the terms of the ticket contract, which specified a one-year limitation on actions, were binding and that the Bennions' suit was time barred. On November 16, 1994, the district court granted Clipper's motion to dismiss, treating it as a summary judgment motion as provided by Rule 56 of the Federal Rules of Civil Procedure. The district court found that the terms of the ticket contract were "reasonably communicative" and thus binding on the Bennions. The Bennions timely appealed.
 
 ANALYSIS
 
 4
 I. THE DISTRICT COURT WAS CORRECT TO GRANT SUMMARY JUDGMENT FOR CLIPPER CRUISE LINES BECAUSE THE PASSENGER TICKET-CONTRACT SPECIFIED A ONE-YEAR LIMITATION ON ACTIONS, AND THE BENNIONS FILED SUIT 16 MONTHS AFTER MRS. BENNION SUSTAINED HER INJURIES.
 
 
 5
 On the reverse of the Bennions' cruise ticket there was printed a contract. The Bennions received this contract approximately two weeks prior to boarding the ship. The contract provided that by boarding the ship, the Bennions accepted the terms of the contract. It also contained a limitation on actions provision that stated that "[a]ny law suit for injury or death must be commenced within one year after the injury or death occurs." It also contained a choice of law provision which provided that "[t]his Contract shall be governed by the federal maritime law of the United States of America."
 
 A. Standard of Review
 
 6
 The district court's grant of summary judgment is reviewed de novo. Dempsey v. Norwegian Cruise Line, 972 F.2d 998 (9th Cir.1992). This court must determine "whether, viewing the evidence in a light most favorable to the nonmoving party [the Bennions], there are any genuine issues of material fact and whether the district court applied the relevant substantive law." Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 B. The Limitation Provision On the Ticket Contract Is Enforceable Because It Is Reasonably Communicative.
 
 
 8
 Maritime law generally provides a three-year statute of limitations for torts, but a vessel may contract with its passengers for a limitations period as short as one year. Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 999 (9th Cir.1992). A limitation on actions clause on a ticket contract is enforceable if the limitation on the ticket was "reasonably communicated." Id.
 
 
 9
 To determine whether the limitation of actions is binding on a passenger, this court first examines the physical characteristics of the ticket contract--the size of the type, the conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the relevant provisions. Deiro v. American Airlines, Inc., 816 F.2d 1360, 1364 (9th Cir.1987) (adopting the First Circuit approach in Shankles v. Costa Armatori, S.P.A., 722 F.2d 861 (1st Cir.1983)). Second, this court looks at the "circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract," including "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." Id. So long as the ticket contract meets these requirements, it is enforceable. There is no per se prohibition against this type of contract of adhesion. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991).
 
 
 10
 The physical characteristics of this ticket weigh in favor of reasonable communicativeness. The text on the face of the ticket that alerts the passenger to the fact that there is a binding contract printed on subsequent pages stands out from the rest of the ticket because it is the only narrative text on the page. Furthermore, the notice "CONTRACT ON FOLLOWING PAGES" is printed in all caps and boldface below the textual notice. A passenger does not have to wade through a sea of text to learn that there is a binding contract on the following pages. The contract itself is printed in small, but clear, readable type. Furthermore, the first lines of the contract specifically refer the passenger to the clauses of the contract that are at issue here, and those provisions are printed in boldface type that set them apart from the rest of the contract. This court has found that contracts with similar physical characteristics were enforceable. See Dempsey, 972 F.2d at 999 (holding that Norwegian Cruise Line ticket contract limitation period was enforceable).
 
 
 11
 The surrounding circumstances, the second prong of the test, also weigh in favor of the enforceability of this ticket contract. The Bennions had sufficient opportunity and ample incentive to read the contract before the one-year limitation ran. As this court observed in Dempsey, "[W]hen a passenger is involved in an accident, it is reasonable to expect the passenger to consult his or her ticket or an attorney to determine his or her rights." 972 F.2d at 1000. Furthermore, the Bennions' attorney had three months after he was retained to read the contract and become familiar with the limitations clause before the period ran. Because this ticket contract meets both prongs of the "reasonably communicative" test, we hold that the limitations period is enforceable.
 
 
 12
 The Bennions argue that even if the contract is reasonably communicative, it only applies to passengers and that Mrs. Bennion was not a passenger of Clipper when she fell off the tour bus during an on-shore excursion. The Bennions cite Rams v. Royal Caribbean Cruise Lines, Inc., 17 F.3d 11, 13 (1st Cir.1994), which held that a contract ticket which defined passenger as "all persons travelling under this ticket" did not apply to injuries a passenger of the ship sustained on shore at a resort owned by Royal Caribbean Cruise Lines. We conclude, however, that the contract language on Clipper's ticket contract is more inclusive than that in Rams. It covers injuries suffered by Clipper's passengers while engaged in on-shore activities with Clipper's service providers, to the extent that Clipper is sued for them.
 
 CONCLUSION
 
 13
 Because the ticket contract between Clipper and the Bennions communicated the one-year time limit on actions with reasonable clarity, we AFFIRM the district court's grant of summary judgment for Clipper.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3