John H. ARMSTRONG, M.D.; Mark Miles, M.D.; Susan Wicklund, M.D.; Susan Cahill, P.A.; Mark Stranahan; Mary Thompson, M.D.; Edwin Stickney, M.D.; on Behalf of themselves and their patients throughout Montana, the surrounding states and Canada and on behalf of a class of performing and referring physicians, Plaintiffs–Appellants,

v.

Joseph MAZUREK, Attorney General of the State of Montana, Defendant–Appellee.

No. 95–35962.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 28, 1996.

Decided Aug. 27, 1996.

Janet Benshoof and Simon Heller, The Center for Reproductive Law and Policy, New York City; Bruce Measure, Law Offices of Ambrose Measure, Kalispell, Montana; Turner Graybill, Graybill, Ostrem, Warner and Crotty, Great Falls, Montana, for plaintiffs-appellants.

Clay R. Smith and Elizabeth Baker, Assistant Attorney General, Helena, Montana, for defendant-appellee.

Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.

PER CURIAM:

James H. Armstrong, M.D., Susan Cahill and others appeal the district court's denial of their motion for a preliminary injunction against enforcement of Chapter 321 of the 1995 Montana Session Laws, passed as House Bill No. 442 (HB 442), a bill restricting the performance of abortions to licensed physicians. Appellants are licensed physicians or, in the case of Cahill, a physician's assistant, who are engaged in providing

health care including abortions. Cahill is the only physician's assistant in Montana who performs abortions, which she has done in the past under the supervision of a medical doctor and as approved by the Montana State Board of Medical Examiners.

Appellants ultimately seek a permanent injunction against enforcement of Chapter 321, on the ground that the purpose and effect of the statute is to present a "substantial obstacle" to a woman's obtaining an abortion, within the meaning of *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 877, 112 S.Ct. 2791, 2820–21, 120 L.Ed.2d 674 (1992). They also seek to invalidate the statute as a bill of attainder directed at Cahill.

 The matter presently before us, however, is the district court's denial of a preliminary injunction against enforcement of Chapter 321 to permit Cahill to continue to perform abortions until the district court is able to rule on the question of permanent relief. Preliminary injunctive relief is appropriate if the movant has shown either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172 (9th Cir.1987). At the very minimum, the moving party must show a fair chance of success on the merits. *Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir.1994). We review the district court's order to determine whether the court applied the proper legal standard and whether it abused its discretion in applying that standard. *See Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir.1982).

The district court quite correctly understood that the application of *Casey*'s "undue burden" standard is crucial to the determination of appellants' ultimate claims: "A finding of undue burden is a shorthand for the conclusion that a State regulation has the purpose or effect of placing a substantial obstacle in the path of a woman seeking an abortion of a non-viable fetus." *Casey*, 505 U.S. at 877, 112 S.Ct. at 2820–21. The district court also acknowledged *Casey*'s admo-

nition that "unnecessary health regulations that have the purpose or effect of presenting a substantial obstacle to a woman seeking an abortion impose an undue burden on the right." *Id.* at 878, 112 S.Ct. at 2821.

The district court, however, considered itself unable to impugn the health purpose of the statute because it could not assume that "none of the individual legislators approving the passage of Chapter 321 was motivated by a desire to foster the health of a woman seeking an abortion." It also found insufficient evidence that the statute posed a practical obstacle to the obtaining of an abortion. Consequently, the district court considered it "unlikely" that the appellants could prevail on their "undue burden" argument. It also concluded that, because there appeared to be a legitimate purpose for the statute, the bill of attainder claim was unlikely to succeed.

While we express no opinion on the appropriateness of permanent relief, we conclude that the district court's view of its ability to consider the purpose or effect of the legislation was unduly confined for the purpose of assessing whether appellants have a fair chance of ultimate success. One proper inquiry, for example, is whether "the requirements serve no purpose other than to make abortions more difficult." *Casey*, 505 U.S. at 901, 112 S.Ct. at 2832–33. While the Supreme Court has not elaborated on the means of determining legislative purpose under the *Casey* standard, it has done so in other contexts. Legislative purpose to accomplish a constitutionally forbidden result may be found when that purpose was "the predominant factor motivating the legislature's decision." *Miller v. Johnson*, —— U.S. ——, ——, 115 S.Ct. 2475, 2488, 132 L.Ed.2d 762 (1995). Such a forbidden purpose may be gleaned both from the structure of the legislation and from examination of the process that led to its enactment. *Shaw v. Hunt*, —— U.S. ——, —— ––——, 116 S.Ct. 1894, 1899–1901, 135 L.Ed.2d 207 (1996). A determination of purpose in the present case, then, may properly require an assessment of the totality of circumstances surrounding the enactment of Chapter 321, and whether that statute in fact can be regarded as serving a legitimate health function.

While we do not now rule upon the propriety of a preliminary injunction, and certainly not on the propriety of a permanent injunction, we conclude that appellants present claims having at least the minimum "fair chance of success." *Stanley*, 13 F.3d at 1319. That threshold passed, we conclude, as did the district court, that the appellants presented a "serious question" requiring a balancing of the hardships to determine the appropriateness of preliminary relief. *See Los Angeles Memorial Coliseum Comm. v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980).

The district court, however, did not truly balance the hardships, and stated that the harm on plaintiffs' side was only to Susan Cahill. An adequate weighing of plaintiffs' hardships must also include consideration of the hardship to the patients, whether or not it reaches constitutional proportions. Plaintiffs are entitled to assert their patients' rights along with their own. *Singleton v. Wulff*, 428 U.S. 106, 113–18 (four-Justice plurality), 121, 2877–78, 96 S.Ct. 2868, 49 L.Ed.2d 826 (Stevens, J.) (1976).

There was another omission by the district court which is perhaps even more important in the context of this case. The district court did not address the countervailing hardships to the State, or the absence of them. Only when the extent, if any, of the State's hardship is known can it be determined which way the balance tips and how sharply.

The district court was clearly sensitive to the delicate issues presented by this case, as are we. We conclude that it would be inappropriate to address the propriety of a preliminary injunction without the benefit of the district court's balancing of the hardships in light of this opinion. Proper balancing is part of the standard for determining the propriety of preliminary relief, and the district court's order may be overturned on review if the standard is erroneously applied. *See Sports Form*, 686 F.2d at 752. We consequently vacate the district court's order and remand to the district court so that it may, after such proceedings as it deems appropriate, engage in a proper balancing of the hardships and exercise its discretion anew. Should another appeal then be taken, the record will be in an appropriate state to permit this court to review the district court's decision granting or denying preliminary relief.

The district court's order denying preliminary relief is VACATED and this appeal is REMANDED to the district court for further proceedings consistent with this opinion.