107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWEST AIRLINES, INC., a Minnesota corporation, Plaintiff-Appellee,
v.
Pritish VORA, individually and d/b/a Last Minute Travel,
Defendant-Appellant.
 No. 96-16576.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 28, 1997.
 
 1
 Before: O'SCANNLAIN, LEAVY and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Pritish Vora appeals the district court's grant of preliminary injunction in favor of Northwest Airlines, Inc. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and affirm.[1]
 
 
 4
 Preliminary injunction is appropriate if the movant has shown a likelihood of success on the merits and the possibility of irreparable injury. Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir.1996) (per curiam). "The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of facts." See Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). "Where the district court is alleged to have relied on erroneous legal premies, review is plenary." Id.
 
 
 5
 After reviewing the records, we find that contrary to Vora's contention, the district court applied the proper legal standard when granting the preliminary injunction. See id.; see also Armstrong, 94 F.3d at 567.
 
 
 6
 The district court did not abuse its discretion in determining that Northwest Airlines, Inc. has shown a likelihood of success on its claim that the "no-sale" provision was an enforceable provision of its contract with its customers. See Chandler, 83 F.3d at 1152; see also Demspsey v. Norwegian Cruise Line, 972 F.2d 998, 999 (9th Cir.1992) (per curiam) (applying "reasonable communicativeness" standard in deciding whether a limitation provision on passenger ticket is enforceable); Allan v. Summit, No. E016753, 1996 WL 741215 at * 11 (Cal.App. Dec. 30, 1996) (stating that adhesive contract is enforceable according to its terms if the term falls within the reasonable expectations of the adhering party); cf. Freedland v. Greco, 45 Cal.2d 462, 468 (1955) ("It is a general rule that several papers relating to the same subject matter, and executed as parts of substantially one transaction, are to be construed together as one contract.")
 
 
 7
 Moreover, the district court did not abuse its discretion in concluding that Northwest Airlines, Inc. would suffer irreparable harm. See Chandler, 83 F.3d at 1152; see also Continental Airlines, Inc. v. Intra Brokers, Inc., 24 F.3d 1099, 1105 (9th Cir.1994) (granting permanent injunction where legal remedies were inadequate to compensate for loss of control of business).
 
 Accordingly, the preliminary injunction is
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, appellee's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant's motion to supplemental record on appeal is granted. The submitted declaration has been considered