Jack C. **LEESON,** Plaintiff–Appellant,

v.

**TRANSAMERICA DISABILITY INCOME PLAN,** Defendant–Appellee.

No. 06–35207.

United States Court of Appeals, Ninth Circuit.

Argued March 12, 2008.

Submitted on May 22, 2008.

Filed May 23, 2008.

Steven P. Krafchick, Esq., Krafchick Law Firm, Seattle, WA, for Plaintiff–Appellant.

Aaron Roblan, Esq., Ashley B. Abel, Esq., Jackson Lewis LLP, Seattle, WA, Robert M. Wood, Esq., Jackson Lewis, Greenville, SC, for Defendant–Appellee.

Before: B. FLETCHER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Appellant Jack Leeson ("Leeson") appeals the district court's order granting summary judgment to Transamerica Disability Income Plan ("Transamerica" or "AEGON") as to claims arising from its denial of benefits to Leeson under the Transamerica Corporation Disability Income Plan ("Basic Plan"), which is a long-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

term disability plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* both the district court's grant of summary judgment, *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir.2005), and the district court's choice and application of the appropriate standard of review, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). We vacate and remand, with instructions. Because the parties are aware of the facts in this case, we recount them only as necessary.

■■■ First, Leeson's spoliation argument, which he raises for the first time on appeal, is without merit. Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.2002). In this case, there is no evidence in the record that the 1996 Policy was destroyed in connection with this litigation. Thus, even if the issue had been presented to the district court, that court would not have abused its discretion by refusing to apply a presumption that the 1996 Plan controlled. *See Rent–A–Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir.1991) (applying abuse of discretion standard of review). In the absence of record evidence that Leeson's rights had vested under a prior plan, the Plan in effect when his claim was denied—the so-called 1997 Plan—governs his claim for benefits. *Shane v. Albertson's, Inc.*, 504 F.3d 1166, 1169 (9th Cir.2007); *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1160 (9th Cir.2001).

■■■ Second, we vacate and remand for reconsideration under the *de novo* standard of review pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) (en banc).[2] *De novo* review is required because the procedural violations in the Plan's letters terminating Leeson's benefits were "so flagrant as to alter the substantive relationship between the employer and employee." *Id.* at 971 (quoting *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005)). Here, until the final denial letter from the AEGON Committee, which advised Leeson of his right to sue under ERISA, the Plan's correspondence with Leeson did not inform him that his benefits were, in fact, being terminated under two separate plans, with two separate appeals processes, and under two different definitions of disability.[3] The correspondence that Leeson received also failed to include any relevant language from the Basic Plan's plan

---

1. Leeson's initial complaint involved claims for long-term disability ("LTD") benefits under the Transamerica Corporation Disability Income Plan ("Basic Plan") and the Transamerica Corporation Class 2 Long Term Disability Coverage Supplemental Plan ("Supplemental Plan").

2. Although the parties briefed *Abatie*'s impact on appeal, the district court rendered its determination in this case without the benefit of our en banc opinion in that case.

3. The district court erred when it found that "[a]ny inadequacies in the denial letters from Prudential are [irrelevant] ... because Prudential has been dismissed from the action." Although Prudential, as claims administrator of the Basic Plan, is not a proper defendant under ERISA § 1132(a)(1)(B), *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir.2001), we consider Prudential's actions in determining whether Transamerica properly terminated Leeson's benefits, *cf. Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 878 (9th Cir.2004) (considering claims administrator's actions in determining whether plan administrator labored under a conflict of interest).

document, which requires that in order for Leeson's benefits to be terminated, his disability must be "caused by" the mental or nervous disorder.[4] Nor did the letters contain a description of any additional materials that Leeson should submit to perfect his claim or why such materials would be necessary. *See* 29 C.F.R. § 2560.503–1(f) (1994). We agree with Leeson that without this critical information he could not offer a meaningful response to the termination of his benefits; he was "substantive[ly] harm[ed]."[5] *Abatie*, 458 F.3d at 971.

In addition, after *Abatie*, plaintiffs need not produce "material, probative evidence" of a structural conflict of interest as we had previously determined in *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1323 (9th Cir.1995). Rather, the court "must determine the extent to which the conflict influenced the administrator's decision and discount to that extent the deference we accord the administrator's decision." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008). Here, the record is overwhelming that Prudential conflated Leeson's claim under the Supplemental Plan—which Prudential also funded—and Leeson's claim under the Basic Plan, which was funded by a separate ERISA trust. With the exception of Dr. Sawyer's final review for the AEGON Committee, Leeson's eligibility for benefits was wholly determined by Prudential's claims handling on behalf of the Supplemental Plan. In the district court, Leeson attempted to uncover additional evidence of this possible conflict but was denied when the district court, relying on *Atwood*, granted Transamerica's motion for a protective order and motion to quash

---

4. Without explanation, the district court applied the less-stringent "suffering from" clause of the Summary Plan Description ("SPD"), and found that Leeson's benefits were properly terminated on that basis. That determination is in error. First, the SPD for the text of the Basic Plan states that the relevant plan document controls:

> the SPD does not contain all of the terms and conditions of the official plan document. The actual plan benefits to which you may be entitled (if any) are determined by the plan document. Accordingly, if there are any differences between this SPD and the official plan document, *the terms of the official plan document will govern.*

(emphasis added). Second, where there is a material conflict between the SPD and the plan document, "[c]ourts will generally bind ERISA defendants to the more employee-favorable of two conflicting documents...." *Banuelos v. Constr. Laborers' Trust Funds*, 382 F.3d 897, 904 (9th Cir.2004). In this case the material conflict arises because under one definition, Leeson would not be eligible for benefits if he were "suffering from" a mental or nervous condition regardless of whether that condition is secondary to a physical impairment. Under the second, Leeson would not be eligible for benefits only if his disability were *"caused by"* such an impairment. That conflict requires that the definition favorable to Leeson be applied. *Id.* Thus, on remand, the district court must determine *de novo* whether evidence in the record supports that Leeson's disability was "caused by" a mental or nervous disorder.

5. We reject Transamerica's argument that because Leeson eventually figured out that there were two plans with different language after he had already lost one of his two administrative appeals, there was no "substantive harm" that would require *de novo* review. Adoption of such a principle would effectively immunize insurers for all violations except those that occur on a claimant's "final" appeal. Restricting the meaning of "substantive harm" in this way is unfounded. It is also plainly contradicted by the fact that the harm here occurred, in part, because Leeson's last appeal [to the AEGON Committee] was, arguably, also his first because Leeson had no meaningful opportunity to perfect his claim in advance of the administrator's final decision. *See Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir.1997) (requiring a "meaningful dialogue" between claims administrator and beneficiary). The prejudice of such a deprivation is obvious-it "alter[s] the substantive relationship" between Leeson and Transamerica. *Abatie*, 458 F.3d at 971.

deposition notices on the ground that the discovery sought was impermissible because Leeson was not entitled to *de novo* review. We vacate that ruling and instruct the district court to consider Leeson's motion in light of *Abatie*.

**VACATED; REMANDED, with instructions.**