Janice I. LAASKO, Plaintiff,

v.

XEROX CORPORATION, A New York corporation; Xerox Corporation Long–Term Disability Income Plan; Lawrence M. Becker, Plan Administrator for Xerox Corporation Long–Term Disability Income Plan; SHPS, a Florida corporation; SHPS HMS, a Delaware corporation; and Does 1 through 10, inclusive, Defendants.

Case No. SACV 08–489–AG(MLGx).

United States District Court,
C.D. California.

July 17, 2008.

Stuart H. Sandhaus, Stuart H. Sandhaus, APC, San Juan Capistrano, CA, for Plaintiff.

James H. Berry, Jr., Kevin R. Lussier, Berry & Perkins, Los Angeles, CA, Richard J. Pautler, Thompson Coburn, St. Louis, MO, for Defendants.

## ORDER GRANTING MOTION BY DEFENDANTS TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE

ANDREW J. GUILFORD, District Judge.

Before the Court is the Motion by Defendants to Dismiss or in the Alternative to Transfer Venue ("Motion"), brought by Defendants Xerox Corporation, Xerox Corporation Long–Term Disability Income Plan, Lawrence M. Becker, SHPS, Inc., and SHPS Health management Solutions, Inc. ("Defendants"). After considering all arguments presented by the parties, the Court GRANTS Defendants' Motion to Transfer Venue.

### BACKGROUND

Plaintiff Janice I. Laasko ("Plaintiff") was an employee of Defendant Xerox Corporation from 1978 until 1992, when she became disabled. (Complaint ¶¶ 14–15.) As an employee, Plaintiff was covered by the Xerox Long–Term Disability Income Plan ("LTD Plan"). (*Id.* at ¶ 17.) The LTD Plan provides benefits for employees who become disabled, and is an "employee welfare benefit plan" within the meaning of § 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.*) Five months after Plaintiff became disabled, she started receiving disability benefits from the LTD Plan. (Complaint ¶ 18.) Plaintiff continued to receive LTD Plan benefits until March 2006, where Plaintiff was notified that her benefits would be terminated. (*Id.* at ¶ 20.) Plaintiff alleges in her Complaint that the termination of LTD Plan benefits breached the provisions of the LTD Plan and ERISA. (*Id.*)

In this Motion, Defendants seek dismissal of the action on grounds of improper venue. Defendants claim that Plaintiff improperly filed this action in California, violating a LTD Plan provision setting the Western District of New York as the sole venue for disputes related to the LTD Plan. The provision states:

> Section 7.14. *Restriction of Venue.* Any action in connection with the Plan by an Employee or beneficiary may only be brought in Federal District Court in Monroe County, New York.

(2005 Restatement of the LTD Plan § 7.14.) Section 7.14 was added to the LTD Plan as part of a wider overhaul of the LTD Plan that took effect after Plaintiff became disabled, but before Plaintiff's benefits were terminated. (Affidavit of Linda A. Maksimowicz ("Affidavit") ¶ 2; Complaint ¶¶ 18, 20.)

### PRELIMINARY MATTERS

Plaintiff filed Objections to Evidence, objecting to the Court's consideration of "2005 Restatement of the LTD Plan as amended" ("2005 Plan") in deciding this Motion. The 2005 Plan was attached as Exhibit A to the Affidavit of Linda A. Maksimowicz. Plaintiff argues that the 2005 Plan should not be admitted because it is hearsay under Federal Rules of Evidence 801 and 802, and because it has not been properly authenticated under Federal Rules of Evidence 402 and 901.

■ Hearsay is a statement "offered in evidence to prove the truth of the matter asserted," Fed.R.Evid. 801, and is generally not admissible. Fed.R.Evid. 802. The 2005 Plan is not hearsay because it was not offered to prove the truth of the matter asserted but is the matter itself.

■ Under Rules 402 and 901, "[a]ll relevant evidence is admissible" but the evidence must first be authenticated. Fed. R.Evid. 402, 901. "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the

matter in question is what its proponent claims." Fed.R.Evid. 901. To properly authenticate documents used to support a motion, a party must attach the documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial. *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773–74 (9th Cir.2002). An affiant must show personal knowledge of the evidence, and is competent to testify to the matters stated therein. *Id.* at 774 n. 9. "A document can be authenticated [under Rule 901(b)(1) ] by a witness who wrote it, signed it, used it, or saw others do so." *Id.* at 774 n. 8 (quoting 31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106, p. 43 (2000)) (internal quotation marks omitted).

Affiant provides the basis for her personal knowledge of the 2005 Plan: she is the "Program Manager, Disability" for Defendant Xerox Corporation. (*Id.*) The LTD Plan is one of the disability plans within her area of responsibility. (*Id.*) In other words, she is a person who "uses" the LTD Plan. *See Orr,* 285 F.3d at 774 n. 8. Thus, the 2005 Plan is admissible because it is properly authenticated and not hearsay.

## LEGAL STANDARD

In federal court cases, the validity and enforcement of a forum selection clause is determined by federal law. *Bernikow v. Xerox Corp. Long–Term Disability Income Plan,* 2006 WL 2536590, at *1 (C.D.Cal.2006) (citing *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir.1988)). Under federal law, a forum selection clause is presumptively valid. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). However, in cases of form contracts, forum selection clauses are subject to judicial scrutiny for fundamental fairness. *Carnival Cruise Lines v. Shute,*

499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Fundamental fairness is determined by three considerations: the absence of a bad-faith motive, the absence of fraud or overreaching, and notice of the forum provision. *See id.*; *Dempsey v. Norwegian Cruise Line,* 972 F.2d 998, 999 (9th Cir.1992).

When a party seeks enforcement of a forum selection clause under Federal Rule of Civil Procedure 12(b)(3), the Court is not required to, accept the pleadings as true and may consider facts outside of the pleadings. *See Richards v. Lloyd's of London,* 135 F.3d 1289, 1292 (9th Cir. 1998). The court draws all reasonable inferences in favor of the party opposing enforcement of the forum selection clause. See *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir.2004).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## ANALYSIS

Defendant argues that the Court should enforce the forum selection clause under Rule 12(b)(3) and 28 U.S.C. § 1406(a). (Motion 2:3–4.) Plaintiff responds that the forum selection clause does not apply to her, because her right to select venue is protected by other LTD Plan provisions and because her claim does not fall within the scope of the venue restriction clause. (Opposition 5:2, 9:8–11, 17–18.) Plaintiff also contends that enforcement of the forum selection clause contravenes federal policy. (Opposition 10:26–27.) Finally, Plaintiff contends that enforcement of the forum selection clause would be fundamentally unfair. (Opposition 16:21–22.) After reviewing the parties' respective argu-

ments, the Court finds that the forum selection clause is applicable to Plaintiff, that the clause does not contravene federal policy, and that enforcement of the clause is not fundamentally unfair.

### 1. THE FORUM SELECTION CLAUSE APPLIES TO PLAINTIFF

#### 1.1 Plaintiff's Right to Select Venue is not Protected by Other LTD Plan Provisions

 The Court must first identify which version of the LTD Plan applies to Plaintiff. The Ninth Circuit has held that the disability plan in place when benefits are denied is the controlling plan. *See Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159–60 (9th Cir.2001); *Leeson v. Transamerica Disability Income Plan*, 279 Fed.Appx. 563, 2008 WL 2192137 (9th Cir.2008). Accordingly, the 2005 Plan is the controlling plan here. Any rights under an earlier plan may be unilaterally modified or terminated unless they have vested. *Id.* Rights under a disability plan vest only if the plan's language expressly provide for such vesting. *See Grosz–Salomon*, 237 F.3d at 1160 ("an employee's rights under an ERISA welfare benefit plan do not vest unless and until the employer says they do").

 Here, Plaintiff contends that her right to not be subject to a forum selection cause vested at the time she became disabled, 1992. Plaintiff supports her contention by referring to § 10.1 of the 1991 Restatement of the LTD Plan ("1991 Plan") and suggesting that § 10.1 precludes the addition of a forum selection clause. Section 10.1 states, "no amendment of the Plan may be made ... which would diminish any rights accrued for the benefit of Participants prior to the effective date of the amendment." (1991 Plan § 10.1.) Plaintiff's argument fails.

Defendant argues that "Plaintiff's reading of the Section 10.1 of the LTD Plan to provide for vesting at the time of disability was squarely rejected by the Seventh Circuit in *Hackett v. Xerox Corp. Long–Term Disability Income Plan*, 315 F.3d 771, 774 (7th Cir.2003)." (Reply 3:20–23.) In that case, the Seventh Circuit found that the exact language relied upon by Plaintiff does not provide for the vesting of benefits. *Id.*

Plaintiff's only response to *Hackett* is to argue that it was wrongly decided. (Opposition 8:2–4.) This Court disagrees. Thus, Plaintiff's argued right to select venue never accrued and was not protected by § 10.1.

#### 1.2 Plaintiff's claim falls within the scope of the venue restriction clause

Plaintiff contends that she is not covered under the 2005 Restatement of the LTD Plan, because she is not an "Employee" as defined in the 2005 LTD Plan. Section 2.9 of the 2005 Plan defines "Employee" as "each person who is employed by, and on the payroll of the Company." (2005 Restatement of the LTD Plan § 2.9.) Because "Employee" is defined in the present tense, and because Plaintiff has been disabled since 1992, Plaintiff suggests that she is not an "Employee." Accordingly, Plaintiff suggests that the provisions of the 2005 LTD Plan do not apply to her, including the restriction of venue provision.

 Plaintiff's argument fails for two reasons. First, § 7.14 applies to any action brought by an "Employee or beneficiary." (*Id.* at § 2.9.) While "beneficiary" is not defined in the 2005 Plan, Plaintiff would be defined as a beneficiary, given the common understanding of the term. Thus, she is subject to § 7.14. Second, the 2005 Plan uses the term "Employee" throughout to refer to persons who quali-

fied for disability and who are receiving payments. Indeed, benefits may only be paid to an "Employee." (*See id.* at § 6.1.) If Plaintiff were not an "Employee," she would not be entitled to benefits under the 2005 Plan. (*See id.*) And if she is not entitled to benefits, she is not entitled to sue under ERISA.

## 2. ENFORCEMENT OF THE FORUM SELECTION CLAUSE DOES NOT CONTRAVENE FEDERAL POLICY

A forum selection clause should not be enforced if enforcement would "contravene a strong public policy of the forum in which the suit is brought whether declared by statute or by judicial decision." *Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. Specifically, "the Court must consider whether forum selection clauses are inconsistent with the liberal venue provision of ERISA, the statute governing this [cause of action]." *Bernikow,* 2006 WL 2536590, at *1. ERISA's permissive venue provision provides that actions "may be brought where the plan is administered, where the breach took place, or where the defendant resides or may be found. 29 U.S.C. § 1132(e)(2).

In contrast to ERISA's permissive venue provision, a forum selection clause forces plaintiffs to sue in only one venue. Still, "[t]he vast majority of district courts have enforced forum selection clauses in ERISA plans." *Klotz v. Xerox Corp.,* 519 F.Supp.2d 430, 435–36 (S.D.N.Y.2007); *see also Bernikow,* 2006 WL 2536590, at *2. In fact, the exact same forum selection clause at issue here was enforced in *Bernikow* and *Klotz. Bernikow,* 2006 WL 2536590, at *2; *Klotz,* 519 F.Supp.2d at 432.

It is significant that § 1132(e)(2) uses the word "may," and not "shall," in describing where actions may be brought. At oral argument, Plaintiff's counsel stated that the LTD Plan also used "may" in designating venue at § 7.14. But that section states that actions "may *only*" be brought in Federal District Court in Monroe County, New York." (2005 Restatement of the LTD Plan § 7.14 (emphasis added).) The difference resulting from the additional word "only" is glaring and· calls for this case to be heard only in Monroe County, New York.

Moreover, enforcement of the forum selection clause in this case actually advances one of the purposes of ERISA by "bringing a measure of uniformity in an area where decisions under the same set of facts may differ from state to state." *Bird v. Shearson Lehman/American Express, Inc.,* 926 F.2d 116, 122 (2d Cir.1991) (quoting H.R.Rep. No. 93–533 (1973), U.S.Code Cong. & Admin.News 1974, p. 4639); *see also Klotz,* 519 F.Supp.2d at 436. The forum selection clause contained in the LTD Plan allows one federal court to oversee the administration of the LTD Plan and gain special familiarity with the LTD Plan Document, thereby advancing ERISA's goal of establishing a uniform administrative scheme. *Klotz,* 519 F.Supp.2d at 436.

Thus, enforcement of the forum selection clause in this case is not inconsistent with the federal policy.

## 3. THE FORUM SELECTION CLAUSE IS FUNDAMENTALLY FAIR

The Supreme Court has described three factors that could potentially render a forum selection clause fundamentally unfair. *See Carnival,* 499 U.S. at 595, 111 S.Ct. 1522. These considerations are: (1) whether the forum selection clause was motivated by bad faith; (2) whether accession to the forum selection clause was obtained by fraud or overreaching; and (3) whether a plaintiff was "given notice of the

forum provision and, therefore, presumably retained the option of rejecting the contract with impunity." *Id.* at 595, 111 S.Ct. 1522. After considering these factors, the Court finds that the forum selection clause in this case is not fundamentally unfair.

First, the forum selection clause was not motivated by bad faith. The plan is administered in the forum designated by the forum selection clause. Thus, the clause reflects convenience for Defendants, not bad faith. *See id.* ("Any suggestion of such a bad-faith motive is belied by [the fact that] Petitioner has its principal place of business in Florida."). Second, there is no evidence of any fraud or overreaching by Defendants.

The third factor is more difficult, because plaintiff was not given notice of the forum provision in advance, and she did not retain the option of rejecting the contract "with impunity." Still, strict application of this factor would invalidate every forum selection clause in an employee welfare benefit plan. As explained in *Schoemann ex rel. Schoemann v. Excellus Health Plan, Inc.,* 447 F.Supp.2d 1000, 1007 (D.Minn.2006), since an employee welfare benefit plan is "negotiated between a plan administrator and an employer, the forum-selection clause obviously does not reflect any 'preference' of the beneficiaries. Indeed, it is likely that a typical beneficiary does not even know that the forum selection clause exists." Still, district courts readily enforce forum selection clauses in employee welfare benefit plans. *See, e.g., Schoemann,* 447 F.Supp.2d 1000; *Rogal v. Skilstaf Inc.,* 446 F.Supp.2d 334, 338 (E.D.Pa.2006); *Klotz v. Xerox Corp.,* 519 F.Supp.2d 430; *Bernikow,* 2006 WL 2536590. This is because, even though the beneficiaries of the plan may not have had notice of the forum selection clause, the employer, who negoti-

ated the plan, did have notice of the clause and the ability to reject the contract. *See Schoemann,* 447 F.Supp.2d at 1007 ("[A]n employer ... may agree to such a proposed clause because the cost savings enjoyed by the plan administrator will redound to the benefit of the employer and the beneficiaries.... Unless such clauses are the result of fraud or overrreaching, they are entitled to weight when a court considers a motion to transfer.") For these reasons, the Court finds that the forum selection clause in the LTD Plan is not fundamentally unfair.

## 4. CONCLUSION

A forum selection clause in a form contract should be enforced if it is applicable to Plaintiff, does not contravene federal policy, and is fundamentally fair. This court has determined that the forum selection clause in the LTD Plan is applicable to Plaintiff, does not contravene federal policy, and is fundamentally fair. The Federal District Court in Monroe County, New York, deserves respect, and there is no unfairness in transferring this action to that court. Thus, enforcement of the forum selection clause is proper.

## DISPOSITION

The Court GRANTS Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.